## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TARYN GILBERT HOWARD, PH.D.,    )
    )
           Plaintiff,    )        CIVIL ACTION
    )
v.    )        No. 24-4050-KHV
    )
KANSAS WESLEYAN UNIVERSITY    )
    )
           Defendant.    )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kansas Wesleyan University's Unopposed Motion To Seal Exhibits 52, 53, & 54, Or In The Alternative, To Redact Exhibits 52 & 53 (Doc. #79) filed July 14, 2025.  For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).   In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16

(1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

On June 10, 2025, defendant filed its motion for summary judgment. See Defendant Kansas Wesleyan University's Motion For Summary Judgment (Doc. #63). On July 7, 2025, plaintiff filed her response in opposition to defendant's motion, along with three provisionally sealed exhibits in support of her motion. See Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #70). On July 14, 2025, defendant filed this motion, seeking to seal or redact the three provisionally sealed exhibits which include defendant's employment records relating to two former employees and a confidential separation agreement. See Defendant Kansas Wesleyan University's Unopposed Motion To Seal Exhibits 52, 53, & 54, Or In The Alternative, To Redact Exhibits 52 & 53 (Doc. #79).

## I.    Exhibit 52

Exhibit 52 is a letter which KWU's former Academic Dean submitted in the fourth-year peer review of a former untenured faculty member. In the letter, the Dean does not recommend renewal of the individual's faculty contract. Defendant asserts that the content of the letter is highly personal to the individual being reviewed and references several of KWU's specific performance metrics for evaluating faculty.

Defendant notes that it produced Exhibit 52 subject to the Protective Order (Doc. #16) filed October 3, 2024. The fact that a party designated the document "confidential" under the protective order does not in itself provide sufficient reason to seal. Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010); see also Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (parties cannot overcome presumption against

sealing simply by showing records are subject to protective order).

Defendant asserts that the former faculty member has a strong privacy interest in Exhibit 52 because it would cause embarrassment and harm to the individual in terms of current and future prospects and career advancement.  Given that the review took place six years ago and defendant has not asserted any specific facts regarding the individual's job status, any risk of harm to the individual is remote and speculative.

Defendant also asserts that it has a privacy interest in Exhibit 52 because it contains information about its peer review process, faculty evaluations and performance standards. Defendant asserts that public disclosure could give competing institutions a competitive advantage and undermine or compromise the integrity of its peer review processes.  Defendant has not shown that competitors cannot otherwise access information about its evaluation processes six years ago, and any fear that a competitor could exploit such information is speculative.  Likewise, defendant has not asserted specific facts which show that its interest in maintaining confidentiality in its peer review process outweighs the public interest in disclosure.

On balance, while plaintiff's reference to Exhibit 52 in her memorandum in opposition is limited, defendant has not shown how its interests and any individual privacy interests outweigh the public interest in access to the materials that form part of the basis of this lawsuit.  See Colony Ins., 698 F.3d at 1242.  The Court therefore overrules defendant's motion to seal Exhibit 52.[1]

## II.    Exhibits 53 And 54

Exhibit 53 is comprised of two peer review letters written by a peer review committee and

---

[1]        In the alternative, defendant requests that the Court redact Exhibit 52.  Defendant's proposed redactions, however, are far too broad and redact information that would not be embarrassing to the former employee or give competitors information about KWU's processes. Accordingly, the Court also overrules defendant's motion to redact Exhibit 52.

KWU's Provost in the sixth-year peer review of a former KWU untenured faculty member. Exhibit 54 is the confidential separation agreement between KWU and the individual.

As with Exhibit 52, defendant asserts that public disclosure of Exhibit 53 could cause embarrassment and harm in employment prospects to the former employee. Defendant asserts that the expectation of privacy in Exhibit 53 is heightened because of the confidentiality provisions in Exhibit 54. Like Exhibit 52, the review took place six years ago and defendant has not asserted any specific facts regarding the individual's job status, so risk of harm to the individual is remote and speculative. The Court's analysis about the risk of disclosure of Exhibit 53 is identical to its analysis of the risk of disclosure of Exhibit 52 above. Accordingly, the Court overrules defendant's motion to seal Exhibit 53.[2]

While the Court understands how Exhibits 52 and 53 may be relevant to plaintiff's arguments because the Provost also recommended that KWU not renew her contract, the Court does not see how Exhibit 54 is relevant to plaintiff's claims. Plaintiff did not enter into a separation agreement with KWU, and the parties do not suggest that they ever discussed a separation agreement. Further, plaintiff does not mention the separation agreement in her argument. Because Exhibit 54 is not relevant to plaintiff's claims, the Court strikes it from the record.[3]

**IT IS THEREFORE ORDERED** that Defendant Kansas Wesleyan University's Unopposed Motion To Seal Exhibits 52, 53, & 54, Or In The Alternative, To Redact Exhibits 52

---

[2]     As with Exhibit 52, in the alternative, defendant requests that the Court redact Exhibit 53. Defendant's proposed redactions, however, are far too broad and redact information that would not be embarrassing to the former employee or give competitors information about KWU's processes. Accordingly, the Court also overrules defendant's motion to redact Exhibit 53.

[3]     In the alternative, the Court would overrule defendant's motion to seal. The confidentiality provision is not mutual, and KWU has not established that it has a legitimate expectation of privacy in this context.

-5-

& 53 (Doc. #79) filed July 14, 2025 is **OVERRULED**.  **The Court directs the Clerk to unseal the following provisionally sealed exhibits filed in support of plaintiff's opposition to defendant's motion for summary judgment: Docs. #73-1 and #73-2.  The Court also directs the Clerk to strike Doc. #73-3 from the record.**

Dated this 28th day of July, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge