IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TARYN GILBERT HOWARD, PH.D.,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| ) | |
| v. ) | No. 24-4050-KHV |
| ) | |
| **KANSAS WESLEYAN UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On August 14, 2025, the Court overruled Defendant Kansas Wesleyan University's Motion For Summary Judgment (Doc. #63) filed June 10, 2025. This matter is before the Court on Defendants Kansas Wesleyan University's Motion For Reconsideration (Doc. #85) filed August 28, 2025. For reasons set forth below, the Court overrules defendant's motion.

**Legal Standard**

District of Kansas Local Rule 7.3 governs motions to reconsider non-dispositive rulings. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.[1] D. Kan. Rule 7.3. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d

---

[1] The standard for reconsideration is the same under Rule 59(e), Fed. R. Civ. P. Under Rule 59(e), the Court has discretion to alter or amend a judgment if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

1484 (10th Cir. 1994). As movant, defendant bears the burden to show adequate reason to reconsider the prior order. Rand v. Wolf Creek Nuclear Operating Corp., No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012). Whether to grant a motion to reconsider lies in the discretion of the Court. Taylor v. Colo. Dep't of Health Care Pol'y & Fin., 811 F.3d 1230, 1236 (10th Cir. 2016).

**Factual And Procedural Background**

Highly summarized, from 2020 to 2022, Kansas Wesleyan University ("KWU") employed Dr. Taryn Gilbert Howard as an Assistant Professor of English for two one-year terms. In February of 2022, during plaintiff's second peer-review meeting, KWU Provost, Dr. Damon Kraft, questioned and brought up concerns about her collegiality. Before this meeting, no one had mentioned collegiality concerns to plaintiff, and plaintiff otherwise received positive feedback in her review. The teaching faculty members on plaintiff's Peer Review Committee recommended to KWU President, Dr. Matt Thompson, that he continue plaintiff's contract. Dr. Kraft, however, recommended to Dr. Thompson that he not continue her contract, specifically stating that his recommendation was not motivated by gender bias. In March of 2022, Dr. Thompson informed plaintiff that KWU would not renew her contract due to concerns about her "approach and style outside of the classroom" which outweighed her recognized "success in the classroom." Non-Reappointment Letter (Doc. #64-11) filed June 10, 2025.

On June 10, 2024, plaintiff filed suit, alleging sex discrimination and retaliation. See Pretrial Order (Doc. #60) filed May 20, 2025. On June 10, 2025, defendant filed a motion for summary judgment arguing that (1) the ministerial exception bars plaintiff's claims, (2) plaintiff cannot establish sex discrimination under Title VII or Title IX and (3) plaintiff cannot establish retaliation under Title VII or Title IX. See Defendant Kansas Wesleyan University's Motion For

Summary Judgment (Doc. #63).  On August 14, 2025, the Court overruled defendant's motion. See Memorandum And Order (Doc. #83).  On August 28, 2025, defendant filed a motion for reconsideration.  See Defendants Kansas Wesleyan University's Motion For Reconsideration (Doc. #85).

### Analysis

Defendant argues that the Court committed clear error in its analysis.  Specifically, defendant asserts that (1) the pretrial order lacked factual contentions to support the Court's ruling on the ministerial exception, (2) Dr. Kraft's peer review letter was not adverse action under Muldrow v. City of St. Louis, 601 U.S. 346 (2024) and (3) the Court did not apply binding Tenth Circuit precedent in addressing pretext.

"Clear error" exists when the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc., 259 F.3d 1226, 1235–36 (10th Cir. 2001).

### I.   Ministerial Exception

Defendant argues that in finding a genuine issue of material fact on the ministerial exception, the Court erred by relying on facts which plaintiff did not enumerate in the pretrial order.

In the pretrial order, defendant broadly stated that it has a relationship with the Methodist Church and that it expected plaintiff to know and embrace its mission statement.  Plaintiff broadly stated that faith and religion do not immunize KWU's unlawful conduct.  In response to defendant's motion for summary judgment on this affirmative defense, plaintiff developed—with supporting facts which tended to show that she was not a minister, and that the ministerial exception did not apply—her assertion that faith and religion did not immunize KWU's unlawful

conduct.  See Koch v. Koch Indus., Inc., 203 F.3d 1202, 1220 (10th Cir. 2000) (courts should liberally construe pretrial order to cover any legal or factual theories that its language might embrace).

The Court did not commit clear error by considering facts which plaintiff did not include in the pretrial order in anticipation of a motion for summary judgment on defendant's affirmative defense.

## II.     Dr. Kraft's Peer Review Letter

Defendant argues that in light of post-Muldrow Tenth Circuit case law, the Court erred in applying Muldrow v. City of St. Louis, 601 U.S. 346 (2024), to Dr. Kraft's peer review letter.

In Muldrow, the Supreme Court held that when plaintiffs bring suit under Title VII's discrimination prong, they need not show that harm was "significant" or "any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar."  Muldrow, 601 U.S. at 355.  Instead, plaintiffs need only show "some harm" or "some disadvantageous change" with respect to an identifiable term or condition of employment.  Id. at 354–55.  The Supreme Court held that Title VII's anti-discrimination provision simply "seeks a workplace where individuals are not discriminated against" because of traits such as sex, and "thus flatly prevent[s] injury to individuals based on status, without distinguishing between significant and less significant harms."  Id. at 358 (internal citations omitted).

Here, the record reflects that Dr. Kraft's letter caused some harm or disadvantageous change with respect to a term or condition of her employment—the nonrenewal of her contract.  Though Dr. Kraft's recommendation was not binding, Dr. Thompson went against the peer review committee's recommendation and followed Dr. Kraft's recommendation, citing the very reasons stated in Dr. Kraft's letter.  The record reflects a genuine issue of material fact whether Dr.

- 5 -

Thompson uncritically relied on Dr. Kraft's letter.  Further, under the cat's paw theory, the record reflects a genuine issue of material fact whether Dr. Kraft had discriminatory animus and exercised his influence to trigger a discriminatory employment action.  See Iweha v. State of Kansas, 121 F.4th 1208, 1228 (10th Cir. 2024).

The Court did not commit clear error when it found a genuine issue of material fact whether Dr. Kraft's letter constituted adverse employment action.

**III.     Pretext**

Defendant argues that the Court misapprehended the law by failing to apply Tenth Circuit law in its pretext analysis.  Specifically, defendant argues that the Court (1) failed to apply the same actor inference, (2) considered purported comparators who were not similarly situated to plaintiff, (3) failed to address defendant's dispositive argument that plaintiff's appeal to the Executive Committee of the Board of Trustees extinguished any improper motive in the non-renewal decision and (4) relied on the peer review committee's recommendation and other facts which do not bear on whether the decisionmaker, Dr. Thompson, acted based on his honest beliefs.

A.   Same Actor Inference

The fact that Dr. Thompson hired plaintiff does not prove that no discriminatory animus motivated his actions.  See Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1183 (10th Cir. 2006) (same actor evidence gives rise to inference, rather than presumption, of no discriminatory animus; plaintiff may still present countervailing evidence of pretext).

Here, the record reveals a genuine issue of material fact whether Dr. Thompson's stated reasons for not renewing plaintiff's contract were pretextual because (1) no one made a formal or informal complaint to HR about plaintiff, (2) all three teaching faculty members on plaintiff's Peer Review Committee recommended renewal of her contract, (3) no one mentioned any complaints

or issues to plaintiff until her peer review meeting, (4) various discrepancies exist between how KWU treated plaintiff and male employees, (5) KWU never investigated the concerns against plaintiff and (6) except during her peer review meeting, KWU did not get plaintiff's side of the story before deciding not to renew her appointment. Defendant argues that none of this evidence suggests pretext, i.e. that the stated reason for his decision was not truthful. To the contrary, however, such evidence casts doubt on whether plaintiff's lack of collegiality was the true reason for the non-renewal of her contract. Defendant's "same actor" argument does not require the Court to accept Dr. Thompson's ipse dixit testimony about what he knew and considered in making his decision.

B. Comparators

As the Court recognized in its Order, none of plaintiff's comparators situations were identical to plaintiff's circumstances. Furthermore, even without the comparators, the record reflects a genuine issue of material fact whether defendant's stated reasons for failing to renew plaintiff's contract were pretextual.

C. Appeal To Executive Committee Of Board Of Trustees

Defendant argues that the executive committee's review process extinguished any pretext or bias in Dr. Thompson's decision-making process. Defendant did not raise this issue in its motion for summary judgment, so it may not do so now. See David Otero v. Nat'l Distrib. Co., 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (Rule 59 not vehicle for presenting case under new theories or otherwise taking second bite at apple; party may not advance new argument that could have been presented earlier).

D. Dr. Thompson's Honest Beliefs

As discussed above, the record reflects that (1) no one made a formal or informal complaint

to HR about plaintiff, (2) all three faculty members on plaintiff's Peer Review Committee recommended renewal of her contract, (3) no one mentioned any complaints or issues to plaintiff until her peer review meeting, (4) KWU never investigated the concerns against plaintiff and (5) except during her peer review meeting, KWU did not get plaintiff's side of the story before deciding not to renew her appointment.  This evidence casts doubt on Dr. Thompson's ipse dixit assertion that he terminated plaintiff's employment due to her lack of collegiality.  It casts doubt on the severity of plaintiff's behavior, what facts Dr. Thompson relied upon, how Dr. Kraft may have influenced the decision-making process and whether defendant employed a substandard process to mask a predetermined decision to terminate plaintiff's contract for illegal reasons.

The Court did not commit clear error in its pretext analysis.

**IT IS THEREFORE ORDERED** that Defendants Kansas Wesleyan University's Motion For Reconsideration (Doc. #85) filed August 28, 2025 is **OVERRULED**.

Dated this 17th day of September, 2025 at Kansas City, Kansas.

>    s/ Kathryn H. Vratil
>    KATHRYN H. VRATIL
>    United States District Judge